CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 8 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDDIE DALE PRIVETT, | ) | Civil Action No. 7:16-cv-00040 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DR. FREDRICK MOSES, et al., | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Eddie Dale Privett, a Virginia prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming Dr. Frederick Moses and the New River Valley Regional Jail ("Jail") as defendants. Because Plaintiff fails to state a claim upon which relief may be granted, the court dismisses the complaint without prejudice.

In the complaint, Plaintiff alleges, "I am being denied proper medical care. I am being denied to see a dermatologist for a rash that the doctor here keeps giving me HC cream for, and it does not good." In grievances attached to the complaint, Plaintiff admits that as of February 1, 2016, he had seen Dr. Moses three times about the rash and that Dr. Moses prescribed hydrocortisone cream each time. Plaintiff does not believe the cream works, filed a written request to see a dermatologist, and is dissatisfied that he receives written responses from nurses and not Dr. Moses.

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee

v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851.

Plaintiff fails to state a violation of the Eighth Amendment. Plaintiff acknowledges that Dr. Miller ordered prescriptions for Plaintiff's rash, and nothing in the record suggests that treatment is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Plaintiff's mere disagreement with a course of treatment or preference to see a dermatologist does not constitute an Eighth Amendment claim. See, e.g., Estelle, 429 U.S. at 105-06; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Furthermore, the Jail is not amenable to suit via § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988) (recognizing a § 1983 claim must allege the violation of a federal right by a person acting under color of state law); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]"). Accordingly, the complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 42 U.S.C. § 1997e(c)(1).

ENTER: This 28th day of March, 2016.

/s/ Michael F. Urbanski
United States District Judge